UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD LEE ALLEN,

                                    Plaintiff

            v.

RENE BAKER, *et al.*,

                                    Defendants.

Case No. 3:18-cv-00038-MMD-WGC

ORDER

        At the time Plaintiff initiated this 42 U.S.C. § 1983 civil rights action, he was in the custody of the Nevada Department of Corrections ("NDOC"). After remand from the Ninth Circuit, this Court issued a screening order that permitted Plaintiff's ex post facto claim to proceed against the defendants if Plaintiff filed his updated address with the Court on or before Friday, November 22, 2019. (ECF Nos. 9, 13.) The deadline has now expired, and Plaintiff has not filed his updated address or otherwise responded to the Court's order.

        District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court

///

order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file his updated address with the Court on or before Friday, November 22, 2019, expressly stated: "It is further ordered that, if Plaintiff fails to timely file his updated address, the Court will dismiss this action without prejudice." (ECF No. 13 at 8.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his updated address on or before Friday, November 22, 2019.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address in compliance with this Court's October 24, 2019 order.

///

///

It is further ordered that the Clerk of Court will enter judgment accordingly.

DATED THIS 3rd day of December 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE